**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JOSEPH BAILEY,

    Plaintiff,

v.                                                                                    CASE NO:
                                                                                 HONORABLE:

CITY OF ANN ARBOR,
CHRISTOPHER FITZPATRICK,
WILLIAM STANFORD, and
MICHAEL DORTCH,
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT
**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan.

2. Defendant City of Ann Arbor is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. That the individually-named Defendants are and/or were police officers and/or detectives working and/or assigned to the Ann Arbor Police Department, and at all times mentioned

herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Ann Arbor, County of Washtenaw, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983, as well as state law claims.

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

**FACTS**

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On or about April 9, 2012, at approximately 10:00 p.m., two masked, unknown, and unidentified individuals walked into the Broadway Party Store located in Ann Arbor, held the clerk at gunpoint, and took money from the cash drawer.

10. One of the perpetrators wore a gray mask, and the other perpetrator wore a white coat and a white mask with spider man eyes.

11. One of the suspects was tall and thin and was generally described as a black male.

12. The other suspect was shorter in height and was wearing a gray mask.

13. The suspect who held the gun was a 5 foot 10 inch black male, who was wearing a white coat and a white mask.

14. The second male was 5 foot 5 inches tall and wore a gray mask.

15. At all times relevant, Plaintiff was 5 feet 6 inches tall; weighed approximately 140 pounds; had brown eyes; and was a black male with a thin build and light complexion.

16. Plaintiff clearly did not fit the description of either perpetrator.

17. One of the perpetrators also brandished what appeared to be a short barreled shotgun, which, once again, had absolutely no connection with Plaintiff whatsoever.

18. Defendant Stanford received a tip from an unknown caller on his work number who stated that Plaintiff committed the Broadway Party Store robbery; and this information was then provided to Dortch without taking any confirming steps to authenticate the call or the information provided.

19. On May 25, 2012, Defendants Stanford and Fitzpatrick investigated the anonymous tip and attempted to make contact with Plaintiff at his home at 2523 Adrienne Drive, which was located in Ann Arbor.

20. Despite the fact that Plaintiff was not at the residence, Defendants Fitzpatrick and Stanford unlawfully entered Plaintiff's bedroom and conducted an unlawful search of same.

21. As a result of the unlawful search and entry into Plaintiff's bedroom, a skeleton hoodie was found.

22. Plaintiff had possessed the skeleton hoodie for numerous years, and had worn the hoodie out in the community, none of which was associated with any criminal activity whatsoever.

23. The clothes that were seen in Plaintiff's bedroom were general in nature and could not be specifically linked to the crime at the party store.

24. The clothing allegedly seen in Plaintiff's bedroom was not a direct match to the clothing (black sweatshirt with a skeleton on it; black vest, and black jeans) worn by the alleged perpetrators of the party store robbery.

25. After unlawfully searching Plaintiff's bedroom, on May 25, 2012, Defendant Stanford drafted an Affidavit for a Search Warrant.

26. The Affidavit was void of specific and/or reliable information which linked Plaintiff to any crime whatsoever.

27. The Search Warrant was similarly defective on its face and was overbroad.

28. As a result of the unlawful search the following were found and unlawfully removed: (i) black sweatshirt with skeleton on it; (ii) black vest; and (iii) black jeans.

29. Defendant Fitzpatrick, at a minimum, was responsible for bring the bogus charges against Plaintiff which were as follows: (1) armed robbery; (2) possession of a short barreled shotgun; and (3) assaulting/resisting/obstructing a police officer.

30. Defendants Fitzpatrick and Dortch were involved in the exchange of information regarding the alleged crimes involving Plaintiff, which was not true.

31. Defendants lacked any probable cause at all to charge Plaintiff with the crimes, and the information gathered was stale.

32. All of the individually-named Defendants failed to actively investigate all leads, failed to inquire as to the legitimacy of any leads acquired, and failed to make inquiry into Plaintiff's alibi which put him at a specific address, with a specific individual, at the specific time when the party store robbery occurred.

33. The individually-named Defendants then falsely arrested Plaintiff.

34. During the interview by Defendants Fitzpatrick and Stanford of Plaintiff on May 25, 2012, Plaintiff provided an alibi of his whereabouts at the time the party store robbery occurred.

35. During the interview, Defendant Stanford deliberately spit on Plaintiff.

36. Despite checking out Plaintiff' alibi, despite the fact that the clothes were not an exact match, and despite the fact that the shotgun recovered did not contain Plaintiff's prints, Defendants arrested and continued Plaintiff's detention for a crime he clearly did not commit.

37. After Plaintiff's interview on March 25, 2012, Defendants Fitzpatrick and Stanford booked Plaintiff.

38. Plaintiff was booked and jailed at the Washtenaw County Sheriff Department on or about May 26, 2012 and was not released until approximately November of 2012.

39. Defendant failed to conduct a line up or otherwise make any attempts whatsoever to have the eyewitness of the robbery identify Plaintiff as being involved in the party store robbery.

40. On December 17, 2012, a Motion for nolle prosequi was granted as to Court I (robbery armed) and Count II (weapons possession of a short barreled shotgun) because the charges were not able to be proven and thus no probable cause existed.

41. Defendant Dortch was the Officer in Charge of the criminal investigation.

42. As a result of Defendants' unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

43. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. At all relevant times herein, the individually-named Defendants were acting under color of law, within the scope and course of their employment, and in their official and individual capacities.

45. Defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

46. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures, mainly to be free from excessive force which resulted in significant injuries to Plaintiff.

47. The actions/inactions of Defendants were at all times objectively unreasonable, and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

48. Defendant Stanford is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

49. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, cost, and attorney fees.

## COUNT II
## ASSAULT AND BATTERY

50. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51. The acts of Defendants were not taken in good faith and were discretionary but were undertaken with malice.

52. At all material times herein, Defendant Stanford threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

53. At all material times herein, the physical contact and/or threat of physical contact was without probable cause and/or legal justification.

54. As the direct and proximate result of the assaults and batteries inflicted upon Plaintiff by Defendant Stanford as described above, Plaintiff sustained injuries and damages.

55. The actions of Defendant Stanford were so egregious and outrageous, that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## GROSS NEGLIGENCE

56. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

57. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function.

58. The conduct of Defendants amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

59. Defendants were working for the Ann Arbor Police Department at the time of the incident complained of herein and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

60. Notwithstanding these duties, Defendants breached their duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

61. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

62. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

63. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

64. The actions of Defendants were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus, Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT

65. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

66. That Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause.

67. That Defendants did cause Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

68. Defendants restricted Plaintiff's liberties against his will.

69. Defendants' actions were without legal justification and/or probable cause.

70. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

71. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT V
## MALICIOUS PROSECUTION

72. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

73. Defendants falsely arrested and caused/instituted criminal proceedings to be brought against Plaintiff in this matter.

74. Defendants had no probable cause to believe that the proceedings against Plaintiff could succeed.

75. Defendants instituted and caused charges and proceedings to be brought against Plaintiff by submitting false, misleading, and/or incomplete testimony and/or evidence.

76. That the charges brought against Plaintiff were dismissed.

77. That as a result of Defendants maliciously bringing charges against Plaintiff, Plaintiff sustained damages.

78. In addition, pursuant to MCLA 600.2907, civil liability shall attach to the Defendants who for vexation and trouble maliciously caused and/or procured the Plaintiff to be arrested and to proceed on charges against Plaintiff in which he had no probable cause to arrest or no probable cause to proceed with the charges.

79. That Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to treble damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT VI
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE

80. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

81. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

82. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights.

83. Defendants acted unreasonably and failed in their duty when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

84. Defendants acted unreasonably and failed in his duty when he unlawfully seized and detained Plaintiff.

85. Defendants violated Plaintiff's rights pursuant to the Fourth Amendment when they unlawfully searched Plaintiff's bedroom, unlawfully seized items therein, and authored a constitutionally deficient Affidavit and Search Warrant.

86. Defendants acted under color of law and is not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

87. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his Fourth Amendment rights.

88. Due to Defendants' action, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT VII
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 MALICIOUS PROSECUTION

89. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

90. At all material times herein, Defendants charged Plaintiff with bogus crimes and instituted criminal proceedings against Plaintiff which concluded in his favor.

91. As stated above, Defendants had no actual knowledge or probable cause to believe that the charges brought against Plaintiff would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff in which the charges were dismissed.

92. Defendants failed to properly and thoroughly investigate, they manufactured probable cause, lied, failed to disclose information exonerating Plaintiff, and wrongfully initiated criminal proceedings against Plaintiff.

93. Defendants were the initiators of Plaintiff's wrongful prosecution by unlawfully seizing him and charging him with bogus crimes, thereby causing damages.

94. Defendants knew that they falsely and recklessly built a case against Plaintiff and this exemplified their callous indifference to Plaintiff's life and liberty.

95. Defendants' actions were the direct and proximate cause of Plaintiff's malicious prosecution, which violates his Fourth Amendment rights.

96. Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT VIII**
**CITY OF ANN ARBOR'S CONSTITUTIONAL VIOLATIONS**

97. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

98. Defendant Ann Arbor acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

99. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise officers regarding appropriate uses of force;

    d. Failing to adequately train and/or supervise officers regarding lawful prosecution of a charge;

    e. Failing to adequately train and/or supervise officers regarding thorough investigations of crimes and obtaining probable cause prior to arrests;

    f. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

    g. Failing to supervise, review, and/or discipline officers whom Defendant City of Ann Arbor knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

      h. Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of the county and discipline or reprimand officers who violate these established policies.

100. Acting intentionally and with deliberate indifference to the obvious and/or know risks posed by its officers and personnel acting in conformity with these policies, customs, and/or practices, to detainees and/or arrestees, Defendant City of Ann Arbor practiced and/or permitted customs and/or policies that resulted in the violations of Plaintiff's constitutional rights complained of herein.

101. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited illegal searches and seizures, prohibited malicious prosecution, and prohibited excessive uses of force.

102. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  May 19, 2014
SCC/

15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JOSEPH BAILEY,

    Plaintiff,

v.                                                                                             CASE NO:
                                                                                                                        HONORABLE:

CITY OF ANN ARBOR,
CHRISTOPHER FITZPATRICK,
WILLIAM STANFORD, and
MICHAEL DORTCH,
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

**DEMAND FOR TRIAL BY JURY**

16

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  May 19, 2014
SCC/