UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BAILEY,

Plaintiff,

Civil Case No. 14-12002
Honorable Linda V. Parker

v.

CITY OF ANN ARBOR et al.,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 10]**

In the case at hand, Plaintiff arrestee Joseph Bailey ("Plaintiff"), who was unsuccessfully prosecuted for armed robbery and felony firearm/ possession of a short barreled shotgun, filed this civil rights action against Defendants City of Ann Arbor, and Ann Arbor Police Detectives Christopher Fitzpatrick, William Stanford, and Michael Dortch (collectively "Defendants"). Plaintiff brings this lawsuit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights guaranteed by the Fourth and Fourteenth Amendments. Plaintiff also alleges various state law claims. Defendants have filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for reasons that follow, the Court **GRANTS** Defendants' motion.

**I.**

On the evening of April 9, 2012, an armed robbery took place at the Broadway Liquor Store located in Ann Arbor, Michigan. (Compl., ECF No. 1 at Pg. ID 2.) The robbery involved two perpetrators. One of the individuals is depicted as being a tall, thin, black male approximately 5'10" in height, wearing both a white coat and mask with "Spiderman" eyes and brandishing a short barreled shotgun. (*Id.* at Pg. ID 3.) His accomplice is described as being short in height, approximately 5'5", and wearing a gray mask. (*Id.* at Pg. ID 2-3.) These unidentified individuals held the store clerk at gunpoint and took money from the cash drawer. (*Id.* at Pg. ID 2.)

On May 25, 2012, Detective Stanford received an anonymous tip implicating Plaintiff. (*Id.* at Pg. ID 3.) Plaintiff alleges that this information was then provided to Detective Dortch "without taking any confirming steps to authenticate the call or the information provided." (*Id.*) That same day, Detectives Stanford and Fitzpatrick pursued the anonymous tip, and visited the residence of Plaintiff, located at 2523 Adrienne Drive, Ann Arbor, Michigan. (*Id.*; Defs.' Mot., ECF No. 10 at Pg. ID 65.) Defendants contend, and Plaintiff does not dispute, that the home is leased by Plaintiff's mother, and that Plaintiff's mother also occupies the residence. (Defs.' Mot., ECF No. 10 at Pg. ID 65.) Plaintiff alleges that "[d]espite the fact that Plaintiff was not at the residence, Defendants Fitzpatrick

and Stanford unlawfully entered Plaintiff's bedroom and conducted an unlawful search of same." (Compl., ECF No. 1 at Pg. ID 3.) Further, he states in the complaint that "[a]s a result of the unlawful search and entry into Plaintiff's bedroom, a skeleton hoodie was found," and that "the clothing allegedly seen in Plaintiff's bedroom was not a direct match to the clothing [ ] worn by the alleged perpetrators of the party store robbery." (*Id.* at Pg. ID 3–4.)

Plaintiff further asserts:

> After unlawfully searching Plaintiff's bedroom, on May 25, 2012, Defendant Stanford drafted an [a]ffidavit for a [s]earch [w]arrant. The [a]ffidavit was void of specific and/or reliable information which linked Plaintiff to any crime whatsoever. The Search Warrant was similarly defective on its face and was overbroad.

(Compl., ECF No. 1 at Pg. ID 4.)

After initially searching the home, and thereafter obtaining a search warrant, Plaintiff asserts that Defendants returned to Plaintiff's home and "unlawfully removed [a] black sweatshirt with a skeleton on it; black vest; and black jeans." (*Id.*) Afterwards, Plaintiff was arrested and interviewed by Defendants Fitzpatrick and Stanford. (*Id.* at Pg. ID 4-5.) Plaintiff asserts that during the interview, he provided an alibi of his whereabouts at the time the robbery occurred, and that "Defendant Stanford deliberately spit on Plaintiff." (*Id.* at Pg. ID 5.)

Further, Plaintiff asserts:

> Defendant Fitzpatrick, at a minimum, was responsible for bring[ing] the bogus charges against Plaintiff [.]
>
> All of the individually-named Defendants failed to actively investigate all leads, failed to inquire as to the legitimacy of any leads acquired, and failed to make inquiry into Plaintiff's alibi which put him at a specific address, with a specific individual, at the specific time when the party store robbery occurred.
>
> Despite checking out Plaintiff's alibi, despite the fact that the clothes were not an exact match, and despite the fact that the shotgun recovered did not contain [P]laintiff's prints, Defendants arrested and continued Plaintiff's detention for a crime he clearly did not commit.

(Compl., ECF No. 1 at Pg. ID 4–5.)

Ultimately, Plaintiff was jailed at the Washtenaw County Sherriff Department from May 26, 2012 until "approximately November of 2012." (*Id.* at Pg. ID 5.) Plaintiff was charged with: (1) armed robbery; (2) possession of a short barreled shotgun; and (3) assaulting, resisting or obstructing a police officer. (Compl., ECF No 1. at Pg. ID 4; Defs.' Mot., ECF No. 10 at Pg. ID 49.) The armed robbery and weapons charges were later dismissed upon motion by the prosecutor. (Compl., ECF No. 1 at Pg. ID 5.) Defendant contends, and Plaintiff does not dispute, that Plaintiff "pled guilty to the resisting/obstructing police charge and was sentenced to the time he was in jail awaiting trial on all three charges." (Defs.' Mot., ECF No. 10 at Pg. ID 48.)

Subsequently, Plaintiff brought charges against Defendants, pursuant to § 1983 for (1) excessive force in violation of the fourth amendment, (2)

unreasonable search/seizure in violation of the fourth amendment; and (3) malicious prosecution in violation of the fourth amendment. (Compl., ECF No. 1 at Pg. ID 5-7, 10-13.) Additionally, Plaintiff asserts that the City of Ann Arbor committed "constitutional violations" by failing to supervise and adequately train its police officers. (*Id.* at Pg. ID 13–14.) Plaintiff brings various state law claims against Defendants including (1) assault and battery; (2) gross negligence; (3) false arrest; (4) false imprisonment; and (5) a state law claim of malicious prosecution. (*Id.* at Pg. ID 7-10.) Shortly thereafter, Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.)

**II.**

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013).

The Sixth Circuit has emphasized that the "combined effect of *Twombly* and *Iqbal* [is to] require [a] plaintiff to have greater knowledge ... of factual details in order to draft a 'plausible complaint.' " *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted). Put another way, complaints must contain "plausible statements as to when, where, in what, or by whom," *Center for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 373 (6th Cir. 2011), in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed me accusation," *Iqbal,* 556 U.S. at 678.

Having carefully reviewed the complaint, the Court concludes that Plaintiff has not provided sufficient facts necessary to adequately plead the claims asserted in his complaint.

Plaintiff, in his response to Defendants' motion to dismiss, requests that the Court grant him leave to amend the complaint, pursuant to Federal Rule of Civil

Procedure 15(a), should the Court determine that the complaint is insufficiently pled. Leave to amend should be granted "absent any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or the futility of the amendment." *Dorman Products, Inc. v. Dayco Products*, LLC, 749 F. Supp. 2d 630, 643 (E.D. Mich. 2010) (citing *Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 763 (E.D.Mich. 2002)) (further citations omitted).

To ensure that potentially viable claims are not dismissed prematurely, the Court will permit Plaintiff to file a motion for leave to amend – with a proposed amended complaint attached thereto (see E.D. Mich. LR 15.1) – within (14) days of the date of this order. Any proposed amended complaint should be drafted after careful consideration of recent case law discussing claims of (1) excessive force in violation of the Fourth Amendment; (2) unreasonable search/seizure in violation of the Fourth Amendment; and (3) malicious prosecution in violation of the Fourth Amendment. The Court will of course scrutinize the claims presented in the amended complaint to ensure that they "are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2).

**III.**

Pursuant to 28 U.S.C. § 1367(c)(2), the Court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims. A district court may decline to exercise supplemental jurisdiction pursuant to section 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Plaintiff's state law claims for assault and battery, gross negligence, false arrest, and malicious prosecution substantially predominate over Plaintiff's four civil rights claims brought under § 1983. The majority of the motion to dismiss, the response, as well as the reply are spent disputing Michigan governmental immunity law, as well as Plaintiff's state law claims. As the court in *Frankel v. Detroit Medical Center*, 409 F. Supp. 2d 833 (E.D. Mich. 2005), held:

> Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.
>
> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trail practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in

> inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees.

*Frankel*, 409 F. Supp. 2d at 833, 835 (E.D. Mich. 2005)

Additionally, the inclusion of Plaintiff's state claims with Plaintiff's claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome. For the aforementioned reasons, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IV**.

Plaintiff shall be permitted to file a motion for leave to amend – with a proposed Amended Complaint attached (see E.D. Mich. LR 15.1) – within **FOURTEEN (14) DAYS** of the date of this order. The Court declines to exercise supplemental jurisdiction over the asserted state law claims and Plaintiff is therefore permitted to file leave to amend, solely, as to the federal claims. If Plaintiff files such a motion, Defendants may then respond within the time permitted by E.D. Mich. LR 7.1(e)(2). The Court will determine whether Plaintiff’s request for leave to amend is futile (i.e., whether Plaintiff’s proposed Amended Complaint could survive a Rule 12(b)(6) motion).

Should Plaintiff choose not to file a motion for leave to amend, then the dismissal of Plaintiff's case will automatically be converted into a dismissal with prejudice and a judgment will issue.

Accordingly, the motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 1367(c)(2), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and the state law claims are therefore **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 26, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 26, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager