UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BAILEY,

    Plaintiff,

v.

    Case No. 14-12002
    Honorable Linda V. Parker

CITY OF ANN ARBOR, *et al.*,

    Defendants.
_____/

### OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S AUGUST 1, 2016 REPORT AND RECOMMENDATION [ECF NO. 37] AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF NO. 28]

On January 5, 2016, Plaintiff Joseph Bailey filed the first amended complaint alleging that his civil rights had been violated under 42 U.S.C. § 1983 against Defendants City of Ann Arbor, Christopher Fitzpatrick, William Stanford, and Michael Dortch, in their individual and official capacities (collectively "Defendants"). (ECF No. 21.) Defendants filed an answer to the amended complaint on January 19, 2016. (ECF No. 23.)

Defendants filed their motion to dismiss on February 25, 2016. (ECF No. 28.) This matter was then referred for all pretrial matters to Magistrate Judge Stephanie Dawkins Davis. (ECF No. 29.)

Plaintiff filed his response to the motion to dismiss on March 21, 2016 and Defendants filed their reply on March 30, 2016. (ECF Nos. 32, 33.)

### Magistrate Judge Davis's Report & Recommendation

On August 1, 2016, Magistrate Judge Davis issued a Report & Recommendation ("R&R") in which she recommends that this Court grant Defendants motion to dismiss in part as to Plaintiff's excessive force claim and related *Monell* claims and denied in part as to the remainder of Plaintiff's claims in the amended complaint. (ECF No. 37 at Pg ID 562.)

In her R&R, Magistrate Judge Davis first evaluates Plaintiff's excessive force claim. Plaintiff alleged in his amended complaint that Defendants engaged in excessive force in violation of Plaintiff's Fourth Amendment rights when Defendants made threatening comments to Plaintiff and when Defendant Stanford spit on Plaintiff. (ECF No. 22 at Pg ID 283-84.) Defendants argued that Plaintiff failed to identify any physical act that would form the basis of the alleged excessive force claim other than the allegation that Defendant Stanford spit on Plaintiff. (ECF No. 28 at Pg ID 354-55.) Magistrate Judge Davis agreed with Defendants, finding that Plaintiff's excessive force claim based on verbal abuse and spitting fails as a matter of law (ECF No. 37 at Pg ID 537-38, 542.)

Next, Magistrate Judge Davis responds to Plaintiff's allegation that Defendants engaged in an unlawful search and seizure under the Fourth

Amendment and § 1983. Plaintiff argues that the officers obtained an invalid search warrant by using false statements in their affidavit. Plaintiff alleges that the victim provided Defendants a different physical description than what was provided to the prosecutor in the affidavit. (ECF No. 22 at Pg ID 276.) Plaintiff also alleged that Defendant Stanford failed to disclose that the "anonymous tip" received was from a known informant, thereby making the affidavit misleading and untruthful. (ECF No. 22 at Pg ID 272.) Defendants argue that the affidavit is not defective because the victim's description of the perpetrator is omitted from the affidavit. (ECF No. 37 at Pg ID 548.) Defendants instead relied on their description of the perpetrator based on the video of the crime. (*Id.*) However, Magistrate Judge Davis reviewed the affidavit and found that the description of the perpetrator appears to come from the victim. (*Id.* at Pg ID 550.) This discrepancy in the description of the perpetrator raised concern that the affidavit supporting the search warrant included false statements. Magistrate Judge Davis stated "[i]f the physical description in the affidavit is false and misleading as alleged by plaintiff, then the search is not, in fact, supported by probable cause." (ECF No. 37 at Pg ID 550.) Therefore, Magistrate Judge Davis found that Plaintiff has stated a claim for unlawful search and seizure under the Fourth Amendment and § 1983.

Magistrate Judge Davis then turned to Plaintiff's claim alleging false arrest/false imprisonment and malicious prosecution under the Fourth Amendment.

The validity of this claim rests on the accuracy of the affidavit because the claim turns on whether Defendants had probable cause to pursue Plaintiff.  *See Gregory v. City of Louisville*, 444 F.3d 725, 748-49 (6th Cir.).  Because Magistrate Judge Davis found that Plaintiff's amended complaint states a claim that the arrest was based on false and misleading information, she also found that Plaintiff has stated a claim for false arrest/false imprisonment and malicious prosecution.  (ECF No. 37 at Pg ID 552.)

      Plaintiff's last claim is that Defendant City of Ann Arbor maintained a custom of failing to train/failure to supervise its officers regarding search and seizure, use of force, prosecution of criminal cases, and protection of constitutional rights.  (ECF No. 22 at Pg ID 290-91.)  Defendants responded by stating Plaintiff failed to allege any terms of an official policy or custom, as required to pursue a *Monell* claim under § 1983.  Defendants further argue that Plaintiff did not properly allege an underlying constitutional violation as required for a § 1983 claim against a municipality.  (ECF No. 37 at Pg ID 557.)  Magistrate Judge Davis agreed with Defendants that the *Monell* claim related to the excessive force claim should be dismissed.  (*Id.* at Pg ID 562.)  However, Magistrate Judge Davis found that Plaintiff sufficiently pled facts that there is an underlying constitutional violation for the remaining claims.  (*Id.*)  Therefore, Magistrate Judge Davis recommended that Defendants' motion to dismiss be granted in part as to

Plaintiff's excessive force claim and related *Monell* claims and denied in part as to the remainder of Plaintiff's claims in the amended complaint.  (*Id.*)

At the conclusion of her R&R, Magistrate Judge Davis informs the parties that they must file any objections to the R&R within fourteen days.  (*Id.*)  Magistrate Judge Davis further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.*, citations omitted.)  Defendants filed their objections on August 11, 2016.  (ECF No. 38.)  Plaintiff filed their objections on August 15, 2016.  (ECF No. 39.)  Defendant filed a reply to Plaintiff's objections on August 24, 2016.  (ECF No. 40.)  Plaintiff filed a reply to Defendants' objections on August 25, 2016 (ECF No. 41.)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

### Plaintiffs' Objections

Plaintiff makes two objections to Magistrate Judge Davis's R&R.

Objection No. 1

First, Plaintiff argues that the R&R failed to adhere to the objective reasonableness standard found in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). (ECF No. 39 at Pg ID 589.) In *Kingsley*, the Supreme Court held that the correct standard for a pretrial detainee's excessive force claim brought under the Fourteenth Amendment's Due Process claim is the same objective reasonableness standard applied to excessive force claims brought under the Fourth Amendment. *Kingsley*, 135 S.Ct. 2466, 2473, 2476; *see also Celedonio Ayala-Rosales v. Teal*, No. 15-6196, 2016 WL 448799 (6th Cir. 2016); *Clay v. Emmi*, 797 F.3d 364, 369 (6th Cir. 2015) ("In light of *Kingsley* under either [the Fourth or Fourteenth] [A]mendment, the court would employ the same objective test for excessive force"); *Hammond v. Lapeer County et al.*, 133 F.Supp.3d 899, 914-15 (E.D. Mich. 2015). This Court agrees with Plaintiff that the objective reasonableness standard

should apply.[1]  However, this Court finds that under either the objective reasonableness standard or "shock the conscious" test, Plaintiff's excessive force claim fails.

Plaintiff alleges that verbal abuse and spitting constitutes excessive force. We disagree.  As Magistrate Judge Davis noted, "[v]erbal abuse alone does not rise to the level of a constitutional violation."  *Brooks v. Pitchford*, 2015 WL 3466240, at *3 (W.D. Ky. June 1, 2015) (quoting *Schrader v. Patrick*, 1999 WL 266252, at *3 (6th Cir. 1999) (citation omitted)).  Neither does spitting, as Magistrate Judge Davis lays out in detail in her R&R.  (ECF No. 37 at Pg ID 537-38).

Objection No. 2

Second, Plaintiff argues that because the incorrect standard was applied in evaluating the excessive force claim in light of *Kingsley*, the *Monell* claim related to the excessive force should survive the motion to dismiss.  We disagree.  As discussed above, Plaintiff's excessive force claim fails as a matter of law. Therefore, Plaintiff's *Monell* claim based on excessive force also fails.

## Defendants' Objections

Defendants make three objections to Magistrate Judge Davis's R&R.

Objection No. 1

---

[1] This Court agrees with Magistrate Judge Davis that Plaintiff's excessive force analysis falls under the Fourteenth Amendment because the underlying incidents occurred during a post-arrest interrogation.  (ECF No. 37 at Pg ID 541.)

First, Defendants argue that the R&R failed to hold Plaintiff to the pleading standards set forth in *Twombly* and *Iqbal*, and as a result accepted the "conclusory allegations" by Plaintiff in his *Monell* claim against Defendant City of Ann Arbor. (ECF No. 38 at Pg ID 575.); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In particular, Defendant argues that Plaintiff failed to provide sufficient facts to demonstrate Defendant City of Ann Arbor acted with deliberate indifference. (ECF No. 38 at Pg ID 573.)

This Court disagrees for the reasons it discussed at length in *Estate of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2015 WL 1276278, at *16-17 (E.D. Mich. Mar. 18, 2015) (citing *Petty v. Cnty. of Franklin*, 478 F.3d 341, 347-48 (6th Cir. 2007)); *see also Stack v. Karnes*, 750 F.Supp.2d 892, 899 (S.D. Ohio 2010); *Medley v. City of Detroit*, No. 07–15046, 2008 WL 4279360, at *7–8 (E.D. Mich. Sept. 6, 2008) (relying on *Petty* and indicating that "[a]ny suspicion about the type of policy or custom, if any, which resulted in the actions at issue here may be examined during discovery. Its existence may be challenged during summary judgment."). As this Court stated in *Romain*, "…Petty suggests that Plaintiffs should have the benefit of discovery before the claim should be dismissed."[2]  *Romain*, No. 14-12289, 2015 WL 1276278 at *17.

---

[2] Defendants attempt to categorize any discovery into their policies and customs as a fishing expedition. This fear can be alleviated with tailored discovery requests targeted at what is alleged against the officers in the relevant counts.

8

Objection No. 2

Defendants' second objection alleges that Magistrate Judge Davis improperly excluded evidence outside of the pleadings. (ECF No. 38 at Pg ID 578.) Defendants urge the court to review the preliminary examination transcript to demonstrate the basis of a finding of probable cause. (*Id.* at Pg ID 579.) However, Federal Rule of Civil Procedure 12(d) makes clear that this Court has the discretion to exclude evidence presented outside the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and **not excluded by the court…**") (emphasis added). Magistrate Judge Davis chose to exclude the preliminary examination transcript and possessed the authority to do so under the Federal Rules of Civil Procedure. (ECF No. 37 at Pg ID 553.) Therefore, Defendants' second objection is without merit.

Objection No. 3

Defendants' last objection argues that the R&R improperly maintains Plaintiff's malicious prosecution claim. (ECF No. 38 at Pg ID 583.) Defendants base their argument on the underlying assumption that if admitted, the preliminary examination transcript would establish a finding of probable cause for the search warrant against Plaintiff. (ECF No. 38 at Pg ID 583.)

Because this Court agrees with Magistrate Judge Davis authority to exclude the preliminary examination transcript, this argument also fails.

**Summary**

For these reasons, the Court adopts the recommendations in Magistrate Judge Davis's R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 28) is **GRANTED** in part as to Plaintiff's excessive force claim and related *Monell* claims and **DENIED** in part as to the remainder of Plaintiff's claims in the amended complaint.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 26, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager